THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent
 
 
 

v.

 
 
 
 Lewis David Williams, Appellant.
 
 
 

Appeal From Florence County
 Ralph K. Anderson, Jr., Circuit Court
Judge

Unpublished Opinion No. 2012-UP-197
 Heard March 12, 2012  Filed March 21,
2012  

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General Deborah Shupe, all of Columbia, and
 Solicitor Edgar L. Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM:  Lewis Williams appeals his convictions
 for armed robbery, first-degree burglary, and possession of a firearm during
 the commission of a violent crime.  His case arises out of the robbery of an
 apartment in Florence, South Carolina.  The victims told police four men robbed
 them.  The police apprehended three men through their investigation.  The men
 implicated each other but did not mention a fourth participant in the robbery. 
 However, two of the men later implicated Williams.  One man testified at trial
 that he did not initially implicate Williams because he was afraid of him
 because "he is in a gang."  On appeal, Williams argues the trial
 court's decision to admit the testimony of his alleged gang membership was
 error under Rule 403, SCRE.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: State
 v. Dickerson, 395 S.C. 101, 116, 716 S.E.2d 895, 903 (2011) ("The
 admission of evidence is within the circuit court's discretion and will not be
 reversed on appeal absent an abuse of that discretion."); State v.
 Adams, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("A
 trial judge's decision regarding the comparative probative value and prejudicial
 effect of evidence should be reversed only in exceptional circumstances.  We .
 . . are obligated to give great deference to the trial court's judgment
 [regarding Rule 403]." (internal citation omitted)).
The decision of the trial
 court is AFFIRMED.
FEW, C.J., and HUFF and SHORT,
 JJ., concur.